UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:2014-CV-81408-KAM

KAREN ALLEN; KATHERINE ANIELLO;
THERESA DELAPHENIA-LEWIN;
SANDRA PENA; MICHELLE CHIANCA,

      Plaintiffs,

vs.

SENIOR HOME CARE, INC.; LYNNE
HEBERT,

      Defendants.

_____ /

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Senior Home Care, Inc.

("SHC") and Lynne Hebert (collectively, "defendants") respectfully move to dismiss the claims

of three named plaintiffs: Karen Allen ("Allen"), Katherine Aniello ("Aniello"), and Michelle

Chianca ("Chianca") (collectively, "plaintiffs").   Plaintiffs Allen, Aniello, and Chianca are

judicially estopped from pursuing their claims in this lawsuit because they knowingly failed to

disclose them in bankruptcy proceedings when they had a legal obligation to do so under

bankruptcy laws.   Accordingly, dismissal of plaintiffs' FLSA claims is appropriate at this

preliminary stage of the litigation.[1]   Defendants' motion is supported by the following

Memorandum of Law.

---

[1] Defendants have not yet filed their answer to plaintiffs' complaint because the filing of a partial motion to dismiss forestalls a party's requirement to file an answer.  *See Buckles v. Focus on Innovation, Inc.*, No. 6:13-CV-1198-ORL-36, 2013 WL 5305683, at *2 (M.D. Fla. Sept. 20, 2013) ("A defendant who raises a Rule 12(b) motion against some, but not all, counts asserted against him is entitled to an extension of time to respond to the entire

## MEMORANDUM OF LAW

## BACKGROUND

On November 3, 2014, plaintiffs Karen Allen, Katherine Aniello, Theresa Delaphenia-Lewin, Sandra Pena, and Michelle Chianca, all former employees of SHC, brought an action against defendants alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime compensation.  (Doc. 1)  This motion concerns only plaintiffs Allen, Aniello, and Chianca.

Prior to the filing of this action, plaintiffs opted into an FLSA collective action pending in the United States District Court for the Northern District of Florida (Pensacola Division), styled as *Beckworth v. Senior Home Care, Inc., et al.*, Case No. 12-351 (N.D. Fla.) ("*Beckworth*").  In *Beckworth*, plaintiffs sought to recover allegedly unpaid overtime compensation for the time they worked as registered nurses for SHC and were classified as "exempt" from the overtime pay provisions in the FLSA. (*Beckworth*, Doc. 1)

On October 31, 2012, the district court in *Beckworth* conditionally certified the case as a collective action under Section 16(b) of the FLSA.  (*Beckworth*, Doc. 21)  After notice of the action was issued to a putative class of over 2,400 registered nurses, plaintiffs were among the 132 individuals who opted into the action.  (Doc. 1, Exs. B, C, F)

After the completion of the class discovery period, defendants filed a motion to decertify the collective action.  (*Beckworth*, Doc. 250)  On September 5, 2014, the district court in *Beckworth* granted the decertification motion, which resulted in dismissal without prejudice of

---

complaint."); *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (finding that requiring a party to reply to claims not the subject of a partial motion to dismiss would result in a "procedural thicket of piecemeal answers that would poorly serve judicial economy"); *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) ("The majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending. . . .  Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss.").  Accordingly, unless the Court instructs otherwise, defendants intend to refrain from filing their answer until after the instant Rule 12(b) motion is resolved.

the entire opt-in class, including all five plaintiffs in this action.  (Doc. 1-2, Ex. A)  The court also tolled the statute of limitations period for the opt-in plaintiffs for a period of 60 days after the date of entry of the decertification order.  (*Id.*)

 After the decertification order, but within the tolling period, plaintiffs filed the instant action on November 3, 2014.  (Doc. 1)  As in *Beckworth*, plaintiffs allege FLSA violations against defendants arising from the time during which plaintiffs worked as registered nurses for SHC in Florida.  (*Id.*)

Either prior to or after joining *Beckworth*, plaintiffs Allen, Aniello, and Chianca filed bankruptcy petitions to seek bankruptcy protection from their creditors.  *In re Allen*, Case No.: 09-37166-PGH (Bank. S.D. Fla. 2009) ("*Allen Bankruptcy*"); *In re Aniello*, Case No.: 13-1833-EPK (Bank. S.D. Fla. 2013) ("*Aniello Bankruptcy*"); *In re Chianca*, Case No.: 13-121319-JMD (Bank. D.N.H. 2013) ("*Chianca Bankruptcy*").  None of them disclosed the existence of their FLSA claims, or the two FLSA lawsuits they have been involved in (the instant case and *Beckworth*), in their respective bankruptcy cases.  (*See generally Allen Bankruptcy*; *Aniello Bankruptcy*; *Chianca Bankruptcy*)  As demonstrated below, because of their failure to disclose their FLSA claims in these bankruptcy proceedings, plaintiffs Allen, Aniello, and Chianca are now judicially estopped from pursing their FLSA claims.

## LEGAL PRINCIPLES

### A.  Standard for Dismissal Under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), the court should dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the court must accept all "well-pleaded" allegations as true and view them in the light most favorable to the nonmoving party.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043,

1066 (11th Cir. 2007); *Robinson v. Jewish Center Towers, Inc.,* 993 F. Supp. 1475, 1477 (M.D. Fla. 1998).

At the Rule 12(b)(6) stage, "[t]he court is not [always] limited to the four corners of the complaint." *Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007). "A district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion [for summary judgment]." *Halmos v. Bomardier Aerospace Corp.*, 404 Fed. App'x 376, 377 (11th Cir. 2010); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *see also Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice"). In ruling on a Rule 12(b)(6) motion, the district court may take judicial notice of bankruptcy records. *See, e.g., Wright v. Sears Roebuck & Co.*, Civ. Action No. 09-1498, 2010 WL 6032803, at *2 (W.D. La. Oct. 19, 2010).

## B. **Judicial Estoppel**

Judicial estoppel is an equitable doctrine that "precludes a party from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002); *see also New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). "The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Burnes*, 291 F.3d at 1285.

PD.15248384.2

Judicial estoppel is an appropriate defense where a debtor who files a Chapter 7 or Chapter 13 bankruptcy case neglects to disclose to the bankruptcy court potential and pending claims.  *See, e.g., De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (applying judicial estoppel to Chapter 13 bankruptcy); *Burnes*, 291 F.3d at 1282 (applying judicial estoppel to Chapter 7 bankruptcy).  This is because a debtor seeking protection under bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court.  11 U.S.C. §§ 521(1), 541(a)(7); *Burnes*, 291 F.3d at 1286.  The duty to disclose is a "continuing duty" and includes the duty to amend when the filing party has knowledge of new potential assets, including potential legal claims.  *E.g., Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010); *Waldon v. Brown,* 536 F.3d 1239, 1244 (11th Cir. 2008); *Ajaka v. Brooks America Mortg. Corp.,* 453 F.3d 1339, 1344 (11th Cir. 2006); *Burnes*, 291 F.2d at 1286.[2]  Creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a bankruptcy plan or a no-asset discharge, so "the importance of full and honest disclosure [in a bankruptcy proceeding] cannot be overstated." *Burnes*, 291 F.3d at 1287.

The Eleventh Circuit has adopted a two-part test for judicial estoppel: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system."  *Burnes*, 291 F.3d at 1285; *see also Jones v. United States*, 467 Fed. App'x 815, 817 (11th Cir. 2012).   However, the test is not "inflexible or exhaustive," and the court may give due consideration to all the circumstances of a particular case.  *Burnes*, 291 F.3d at 1286.

Failing to disclose a pending claim in a bankruptcy proceeding is a prima facie showing of adopting an inconsistent statement under oath.  *See Robinson*, 595 F.3d at 1275.  A simple

---

[2]It is well settled that a pending lawsuit seeking monetary compensation qualifies as an asset subject to disclosure. *Robinson*, 595 F.3d at 1275; *Waldron*, 536 F.3d at 1242.

showing that a debtor's pending or potential claim is not listed on that debtor's bankruptcy schedule satisfies the first prong of the test.  *See id; Perkins v. Berg. Spiral Pipe Corp.*, No. 12-0468-CG-N, 2013 WL 489164, at *2 (S.D Ala. Feb. 7, 2013).

The second prong of the *Burnes* test requires a showing that the offending party possessed intent to manipulate the court and make a mockery of the judicial system.  *Burnes*, 291 F.3d at 1285.   Judicial estopped requires "intentional contradictions, not simple error or inadvertence."  *Robinson*, 595 F.3d at 1275.  The intent element, however, can be inferred from the debtor's knowledge of the potential claim and simultaneous failure to amend the bankruptcy schedule where the debtor has a motive to conceal the asset.  *Id.*; *De Leon*, 321 F.3d at 1291 ("[t]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claim or has no motive for their concealment.").  The Eleventh Circuit repeatedly has recognized that having a financial stake in the outcome of a pending legal proceeding is sufficient to give a party the requisite motive to conceal the pending claim from the bankruptcy court.  *See, e.g., Jones v. U.S.*, 467 Fed. App'x. at 818-19; *De Leon*, 321 F.3d at 1281; *Burnes*, 291 F.3d at 1287-88.

## ARGUMENT

Plaintiffs Allen, Aniello, and Chianca are judicially estopped from filing their FLSA claims in this action because they failed to disclose their FLSA claims in their respective bankruptcy proceedings.  As demonstrated below, the elements of judicial estoppel are fully satisfied as to all three plaintiffs: (1) they have taken inconsistent positions in court actions by failing to disclose their FLSA claims (including their claims in *Beckworth* and in this action) in their bankruptcy cases and (2) their failure to disclose their FLSA claims was calculated to make a mockery of the judicial system.

## A. Plaintiffs' Positions in Their Bankruptcy Proceedings are Inconsistent With Their Position in the Present Litigation

Plaintiffs clearly took inconsistent positions by not disclosing their FLSA claims as an asset in their bankruptcy cases.  As explained above, it is well established that plaintiffs have a duty to disclose legal claims as assets in bankruptcy proceedings and that they have an ongoing duty to inform the bankruptcy court of a change in circumstances.  (*See supra*, pp. 4-5)  By omitting a legal claim or potential legal claim from the bankruptcy schedule (including by failing to amend the schedule after a legal claim arises) a debtor represents to the bankruptcy court that the claim does not exist.  *Perkins*, 2013 WL 489164, at *2.  All three plaintiffs failed to inform their respective bankruptcy courts of their pending FLSA claims while participating in bankruptcy proceedings.

Allen was and currently is a debtor in a bankruptcy proceeding in the Southern District of Florida.  (*Allen Bankruptcy*)  On December 18, 2012, Allen joined the *Beckworth* case, alleging an FLSA claim. (Doc. 1 Ex. B)  Two years prior, Allen filed her bankruptcy proceeding.  (*Allen Bankruptcy*, Doc. 1)   After she opted into *Beckworth* as a party plaintiff, Allen modified her Chapter 13 plan and filed new disclosures with the bankruptcy court on June 19, 2013, June 24, 2013, June 26, 2013, July 10, 2013 and June 4, 2014.  (*Allen Bankruptcy*, Docs. 97, 99, 104, 105, 108, 115)  At no point did Allen use these filings to inform the bankruptcy court of her FLSA claim in either *Beckworth* or the instant case.  (*Id.*)  Allen, of course, had an ongoing duty to amend her bankruptcy schedule to include her FLSA claim.  *See, e.g., Robinson*, 595 F.3d at 1274; *Perkins*, 2013 WL 489164, at *2.  Yet, she failed to include in her submissions the existence of her FLSA claim asserted in *Beckworth* and in the instant case.

Likewise, Aniello filed a Chapter 7 bankruptcy petition on February 20, 2013. (*Aniello Bankruptcy*, Doc. 1)  Five months later, on July 31, 2013, Aniello joined the *Beckworth* case,

PD.15248384.2

alleging an FLSA claim. (Doc. 1, Ex. C) Aniello's bankruptcy case remained pending after she joined the *Beckworth* case, but she also failed to amend her bankruptcy schedules to disclose her FLSA claim. (*Aniello Bankruptcy*, Docs. 47-53) In fact, Aniello's Chapter 7 bankruptcy case continued for nearly a year after she asserted her FLSA claim in *Beckworth*. Aniello's Chapter 7 bankruptcy proceeding terminated on June 4, 2014 and Aniello had her debts discharged (without ever having disclosed her FLSA claim in *Beckworth*). (*Aniello Bankruptcy*, Doc. 53).

Finally, Chianca filed a Chapter 7 bankruptcy petition in the United States District of New Hampshire on September 19, 2013. (*Chianca Bankruptcy*, Doc. 1) At the time she filed her bankruptcy petition, Chianca had been asserting an FLSA claim in *Beckworth* for over eight months (she filed her opt-in consent on January 5, 2013). (Doc. 1 Ex. F) Yet, in her Chapter 7 petition she neglected to disclose her claim in *Beckworth*. (*Chianca Bankruptcy*, Doc. 1). In November 2013, Chianca converted her bankruptcy to a Chapter 13 bankruptcy and filed a Statement of Financial Affairs, in which she disclosed her involvement with multiple lawsuits, but failed to include *Beckworth*. (*Chianca Bankruptcy*, Docs. 13, 16) Also, after *Beckworth* was decertified in September 2014, Chianca filed the instant lawsuit (a second lawsuit over the same FLSA claim) in November 2014. Once again, she did not disclose her lawsuit in her pending bankruptcy case. (*See generally Chianca Bankruptcy*) Chianca had numerous opportunities to disclose her FLSA lawsuits in her 15-month bankruptcy proceeding but chose not to do so.

In sum, the bankruptcy filings clearly show that all three plaintiffs failed to disclose their FLSA claims in bankruptcy proceedings when they had an affirmative legal obligation to do so. Their failure to disclose their FLSA claims in their bankruptcy cases demonstrates that they took inconsistent legal positions in their bankruptcy cases from the positions they now take in the instant case. Thus, the first element of *Burnes* test is easily satisfied as to all three plaintiffs.

## B. Plaintiffs Inconsistent Positions Were Calculated to Make a Mockery of the Judicial System

The second element of the *Burnes* test also is satisfied with respect to all three plaintiffs. Plaintiffs Allen, Aniello, and Chianca had the requisite knowledge of their FLSA claims during the pendency of their bankruptcy cases and the motive to conceal them from the bankruptcy courts. No doubt, all three have made a mockery of the judicial system.

First, all three plaintiffs clearly had knowledge of their FLSA claims during the pendency of their bankruptcy proceedings. Allen knew of her FLSA claim, at the very least, since December 18, 2012, when she opted into *Beckworth* as a party plaintiff.[3] She had filed her bankruptcy petition two years earlier and it remained pending at the time she filed her claim in *Beckworth*. Thus, Allen was seeking bankruptcy protection from creditors *at the same time* she was actively pursuing an FLSA claim in *Beckworth*. Yet, despite continuing with the bankruptcy proceeding for over five years, Allen *still* has failed to disclose her FLSA claim in the bankruptcy case. She even filed the instant action without disclosing it to the bankruptcy court (thus, she failed to disclose *two* FLSA lawsuits to the bankruptcy court).

Aniello had knowledge of her FLSA claim as of July 31, 2013, the date on which she opted into *Beckworth* to assert her FLSA claim. Aniello partook in the *Beckworth* litigation, while her bankruptcy proceeding was pending, without disclosing her participation to the bankruptcy court. In fact, Aniello completed her bankruptcy proceeding – *and had her debts*

---

[3] Of course, the Complaint in this action reveals that Allen (and the other plaintiffs) had knowledge of her FLSA claim prior to the time she joined the *Beckworth* collective action. The Complaint allegations specify the time periods of their claims, which go back as much three years prior to their opt-in dates. (Doc. 1); *see Anderson v. Entergy Ops.,* Inc., Civ. Action: 5:11-cv-103-DJP-FKB, 2012 WL 5400059, at *4 (S.D. Miss. Nov. 5, 2012) (recognizing that plaintiffs had knowledge of FLSA claims before filing suit where plaintiff "surely knew he never received overtime pay."); *In Re Family Dollar Litigation,* No. 3:08 MD 1932, 2011 WL 4899972, at *3 (W.D.N.C. Oct. 14, 2011) (finding judicial estoppel because complaint allegations revealed that plaintiffs knew they worked without overtime pay long before they filed the bankruptcy petition).

*discharged* – without ever disclosing the existence of her FLSA claim or the fact that she was a plaintiff in a pending FLSA collective action.

Chianca also had the requisite knowledge of her FLSA claims while she had a pending case in bankruptcy court.  She filed her bankruptcy petition on September 19, 2013, over eight months *after* she opted into the *Beckworth* litigation on January 5, 2013.  Chianca's FLSA claim in *Beckworth* was pending at the time she filed for bankruptcy, so she clearly knew of its existence when she filed her bankruptcy petition.[4]

Second, all three plaintiffs clearly had a financial motive to hide their FLSA claims from the bankruptcy courts.  If any of the plaintiffs had realized any proceeds from the FLSA suits (*Beckworth* or the instant case), they could have kept the proceeds for themselves without the proceeds becoming part of the bankruptcy estate and going to their creditors to satisfy their debts.  *See Robinson*, 595 F.3d at 1275.

The motivation by Allen and Aniello to refrain from disclosing their FLSA claims is self-evident.  Allen stood to have recovered proceeds in the *Beckworth* case and/or in this case without such assets being part of her Chapter 13 plan.  This, of course, impacted the terms of her plan payments.  *See De Leon*, 321 F.3d at 1291 ("the hiding of assets [in a Chapter 13 bankruptcy] affects the amounts to be discounted and repaid").

Aniello, who filed for Chapter 7 bankruptcy, was motivated to hide her FLSA claims so that she could discharge her debts without having to share proceeds from her FLSA claim with the bankruptcy trustee or her creditors (and, in fact, Aniello was successful in doing so, as she completed the bankruptcy proceeding and had her debts discharged in June 2014 while her claim in *Beckworth* remained pending).  Moreover, if Aniello had disclosed her FLSA claim, it may

---

[4] Of course, all plaintiffs were put on specific notice that their failure to disclose FLSA claims in bankruptcy proceedings serve as a defense to their FLSA claims.  The district court specifically stated so in the decertification order – an order that plaintiffs attach as an exhibit to their Complaint in this case.  (Doc. 1, Ex. A)

have resulted in her losing the benefit of a Chapter 7 debt discharge.  *See Burnes* 291 F.3d at 1288 (disclosing a pending claim which has potential to result in financial gain could result in losing the benefit of a "no asset, complete discharge").

Finally, like the others, Chianca clearly had financial motive to conceal her FLSA claim from the bankruptcy court.  She knew of her FLSA claims while her bankruptcy case was pending and, had she received proceeds in the *Beckworth* case or in the instant case, she would have "been able to keep the proceeds for herself and denied the creditors a fair opportunity to claim what was rightfully theirs."  *Robinson*, 595 F.3d at 1276.  That Chianca's bankruptcy claim was ultimately dismissed due to her failure to make plan payments is immaterial.  (*Chianca Bankruptcy*, Doc. 71)  "When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure."  *Id.*; *Casanova v. Pre Solutions, Inc.,* 228 Fed. Appx. 837, 841 (11th Cir.2007).  Motive to conceal "stems from the possibility of defrauding the courts and not from any actual fraudulent result." *Robinson*, 595 F.3d at 1275.

In sum, plaintiffs Allen, Aniello, and Chianca had knowledge of their claims and motive to conceal their clams from their respective bankruptcy courts.  This is enough to infer intentional manipulation.  *See De Leon,* 321 F.3d at 1392 ("Because [plaintiff] certainly knew about his claim and possessed the motive to conceal it…, we can infer from the record his intent to make a mockery of the judicial system.").  As such, their FLSA claims in this action must be dismissed with prejudice.[5]

---

[5] Notably, in *Burnes*, the Eleventh Circuit held that judicial estoppel did not apply to the debtor's claim for injunctive relief.  Burnes, 291 F.3d at 1288-89.  In the instant case, plaintiffs do seek injunctive relief as well as monetary damages.  (*See* Doc. 1)  However, all plaintiffs are former employees, so they lack standing to pursue the injunctive relief they seek.  *Jackson v. Motel Six Multipurpose, Inc*., 130 F.3d 999, 1007 (11th Cir. 1997).  Moreover, it has been long established that, in FLSA actions for unpaid wages, only the Secretary of Labor may obtain injunctive relief.  29 U.S.C §§ 211(a), 212(b), 217; *Lorillard v. Pons*, 434 U.S. 575, 581 (1978) ("[I]n construing enforcement sections of the FLSA, the courts had consistently declared that injunctive relief was not available in suits by private individuals but only in suits by the Secretary"); *Heitmann v. City of Chicago*, 560 F.3d

## CONCLUSION

For the foregoing reasons, the FLSA claims of plaintiffs Karen Allen, Katherine Aniello and Michelle Chianca are barred by the doctrine of judicial estoppel.  All three plaintiffs failed to disclose their pending FLSA claims in their ongoing bankruptcy proceedings while having knowledge of the FLSA claims and a financial motive to hide them from the bankruptcy court and their creditors.  By doing so, all three plaintiffs made a mockery of the judicial system. Their claims should be dismissed.

Date:  December 23, 2014

Respectfully submitted,

s/ Dennis M. McClelland
Dennis M. McClelland
  Florida Bar No.: 91758
  dennis.mcclelland@phelps.com
Arielle S. Eisenberg
  Florida Bar No.: 111467
  arielle.eisenberg@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)

Attorneys for Defendants

---

642, 644 (7th Cir. 2009) (holding that injunctive relief is only available in suits brought by the Secretary of Labor). Accordingly, plaintiffs FLSA claims should be dismissed in their entirety.

PD.15248384.2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 23, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

    Jeremiah J. Talbott, Esq.
    Tyler L. Gray, Esq.
    Law Offices of Jeremiah J. Talbott, P.A.
    900 East Moreno Street
    Pensacola, Florida 32503
    850-347-9600
    850-437-0906 (FAX)
    jjtalbott@talbottlawfirm.com
    civilfilings@talbottlawfirm.com

    Attorneys for Plaintiffs

                                        s/ Dennis M. McClelland
                                        Attorney for Defendants