UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81408-CIV-MARRA

KAREN ALLEN et al.,

    Plaintiffs,

vs.

SENIOR HOME CARE, INC. et al.,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Partial Motion to Dismiss (DE 12). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiffs Karen Allen, Katherine Aniello, Theresa Delapenhia-Lewin, Sandra Pena and Michelle Chianca (collectively, "Plaintiffs") were members of a conditionally-certified Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") collective action, Beckworth v. Senior Home Care, Inc., et al., case no. 3:12-cv-00351 (N.D. Fla.). On September 5, 2014, the Beckworth Court decertified the collective action and tolled the statute of limitations for 60 days to allow the opt-in plaintiffs to bring individual claims against Defendants Senior Home Care, Inc. and Lynne Herbert (collectively, "Defendants").

On November 3, 2014, Plaintiffs filed a complaint in the instant case. (DE 1.) Defendants now move to dismiss the FLSA claims of Plaintiffs Allen, Aniello and Chianca, all of whom have filed bankruptcy petitions. Defendants contend these Plaintiffs are judicially

estopped from pursuing their FLSA claims because they did not disclose the existence of their FLSA claims in their bankruptcy cases.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

Long ago, the Supreme Court defined judicial estoppel as follows:

> It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

Davis v. Wakelee, 156 U.S. 680, 689 (1895).

The rule is intended to prevent a party "from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000).  The doctrine is designed to protect the integrity of the judicial process by preventing parties from changing positions as circumstances change.  New Hampshire v. Maine, 532 U.S. 742, 750 (2001). While the United States Supreme Court has recognized that judicial estoppel is not reducible to a rigid test, it considers three flexible factors when applying the doctrine: (1) a party's later position must be "clearly inconsistent" with its earlier position; (2) a court must have accepted the party's earlier position so that acceptance of the second position would create the perception that one court or the other was misled and (3) a party will derive an unfair advantage from the opposing party if not estopped. New Hampshire, 532 U.S. at 750–51.  The Eleventh Circuit requires courts to apply two additional factors: first, the allegedly inconsistent positions must have been made under oath; and second, the inconsistencies must have been made with the intent to "make a mockery of the judicial system." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).

Given these factors, the Court must make a factual inquiry into Plaintiffs' motive and intent regarding the relationship of their bankruptcy cases and their FLSA claims.  See Robinson

3

v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010) (a finding as to a party's intent to take inconsistent positions with respect to judicial estoppel is a factual finding); Schreiber v. Ocwen Loan Servicing, LLC, No. 5:11–cv–211–32TBS, 2011 WL 6055425, at *2 (M.D. Fla. Oct. 17, 2011) (same); In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation, 147 F. Supp. 2d 1348, 1353 (S.D. Fla. 2001) (declining to rule on a judicial estoppel issue at the motion to dismiss stage and stating that it would consider the issue instead at the summary judgment stage). To do so, the Court must take into account matters outside of the pleadings, including the bankruptcy court records[1] and presumably testimonial evidence from Plaintiffs in order for the Court to make this determination.

Simply put, the Court cannot make these findings or consider such evidence at the motion to dismiss stage. Defendants may, however, raise judicial estoppel as an affirmative defense and move for summary judgment, once an adequate factual record has been developed. See Smith v. Werner Enterprises, Inc., — F. Supp. 2d —, 2014 WL 6977889, at * 1 n.1 (S.D. Ala. Nov. 21, 2014) (judicial estoppel is an affirmative defense); see also Ventrassist Pty Ltd. v. Heartware, Inc., 377 F. Supp. 2d 1278, 1286 (S.D. Fla. 2005) (plaintiffs are not required to negate an affirmative defense in the complaint); Court-Appointed Receiver of Lancer Management Group LLC v. Lauer, No. 05-60584-CIV, 2010 WL 1372442, at * 3 (affirmative defenses are not appropriate subjects for motions to dismiss).

---

[1] Defendants contend that the Court may take judicial notice of bankruptcy records at the motion to dismiss stage and rely upon Wright v. Sears Roebuck & Co., No. 09-1498, 2010 WL 6032803 (W.D. La. Oct. 19, 2010). The Eleventh Circuit has stated otherwise. See Browns v. Brock, 169 F. App'x 579, 582 (11th Cir. 2006) (citing Concordia v. Bendekovic, 693 F.2d 1073, 1076 (11th Cir.1982)) ("As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.").

For these reasons, the motion to dismiss is denied.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Partial Motion to Dismiss (DE 12) is **DENIED**, without prejudice to Defendants raising this issue at summary judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of March, 2015.

_____
KENNETH A. MARRA
United States District Judge